UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Gary Martin, Individually and as the
Administrator of the Estate of Carol Martin,
and as Parent and Next Friend of S.M. and
and R.M.,[1] and Joseph Martin and
Sean Martin, Individually

           Plaintiffs

vs.                                   CIVIL NO._____

United States of America

           Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### INTRODUCTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680.

### PARTIES

2. The plaintiffs, Gary Martin, Joseph Martin, Sean Martin, and the minor plaintiffs, S.M. and R.M., are citizens and residents of Amherst, County of Hillsborough, State of New Hampshire.

---

[1] The minor children are referred to by their initials only in accordance with Local Rule 8.1(a)(2) and Fed. R. Civ. P. 5.2.

3.  The defendant, United States of America, is the party being sued for the conduct of agents or employees of the White River Junction Veterans Administration Medical Center and the Manchester Veterans Administration Medical Center, which are organized under and operated by the United States Department of Veterans Affairs.

## JURISDICTION AND VENUE

4.  Jurisdiction is based on 28 U.S.C. § 1346(b), and the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

5.  Venue is proper in the United States District Court for the District of New Hampshire under 28 U.S.C. § 1391(e).

6.  Pursuant to 28 U.S.C. §§ 1346(b) and 2675, these claims against the United States of America were presented to the Department of Veterans Affairs on February 5, 2009. Negotiation of these claims with the Office of General Counsel for the Department of Veterans Affairs in Washington D.C. has been ongoing, but unsuccessful. Negotiations ended on November 7, 2011. These claims were denied on November 9, 2011. This complaint follows.

## FACTS

7.  On October 11, 2007, Carol Martin was killed by the toxic effects of fentanyl and morphine, which were improperly prescribed, administered, titrated, monitored and re-initiated by the defendant through its employees at the White River Junction and Manchester VA Medical Centers.

8.  When she died, Carol Martin was a 41-year old wife and mother who home-schooled her four minor children, all of whom suffered from special needs.

9.  Gary Martin was, at all times pertinent to this action, the husband of Carol

Martin.

10. At the time of their mother's premature death, Joseph Martin was the 17-year old son of Carol Martin; Sean Martin was the 15-year old son of Carol Martin; S.M. was the 11-year old son of Carol Martin; and R.M. was the 9-year old daughter of Carol Martin. All of the children resided at their family home in Manchester, New Hampshire, with their mother and father.

11. Prior to her death, Carol Martin had been under the defendant's care at the Manchester VA Medical Center for more than a year for her primary care and mental health treatment of bipolar disorder, possibly mixed state, a borderline personality disorder, and PTSD, conditions which were well-controlled with a complex medication regimen.

12. On October 6, 2007, Carol Martin presented to the defendant's urgent care at the Manchester VA Medical Center with an acute exacerbation of back pain from a recent fall, which had triggered problems from a 20-year old back injury sustained in the Navy. After administering 60mg IV Toradol, the defendant transferred Carol Martin for acute care and pain management to the White River Junction VA Medical Center.

13. Upon arrival at the White River Junction VA Medical Center, Carol Martin was given 30mg Toradol IV and 2mg morphine IV and then sent for an MRI, which was not diagnostic for her acute presentation. The defendant, through its internal medicine team at the White River Junction VA Medical Center, admitted Carol Martin overnight to aggressively manage her acute pain, which included administration of a 50mcg fentanyl patch and oxycodone.

14. The following morning, on October 7, 2007, the defendant increased Carol Martin's fentanyl dose to a 75mcg fentanyl patch, with instructions to replace the patch every 72 hours. The defendant also gave Carol Martin 10 mg oxycontin and prescribed 30 mg morphine

tablets to be taken twice daily, as well as 400 mg ibuprofen to be taken four times daily. The defendant discharged Carol Martin to her home that day, despite her request to remain under observation and knowing Carol Martin was feeling tired, woozy and having difficulty urinating.

15.  Two days later, on October 9, 2007, Carol Martin called her psychiatrist at the Manchester VA Medical Center and informed him of her recent admission to the White River Junction VA Medical Center and the changes to her medications. Carol Martin informed her psychiatrist that she had removed her fentanyl patch because she was feeling dizzy and had itching from the patch. Her psychiatrist recommended that she contact her primary care provider at the Manchester VA Medical Center to address her pain management issues.

16.  The next day, October 10, 2007, Carol Martin presented to the defendant's urgent care at the Manchester VA Medical Center complaining of acute pain to her kidneys, and an inability to urinate or have bowel movements. Carol Martin also informed the defendant of her recent admission to the White River Junction VA Medical Center, that she was taking morphine as prescribed and that she had discontinued the fentanyl patch because of itching and dizziness. The defendant medical providers also noted that Carol Martin had been sleeping a lot and taking limited fluids since her discharge on morphine and the fentanyl patch, and observed that she was talking excessively and giggling during treatment. Despite these symptoms, the defendant medical providers at the Manchester VA Medical Center diagnosed Carol Martin with dehydration, administered fluids and instructed her to resume using the fentanyl patch by applying a new patch.

17.  That evening, as instructed, Carol Martin applied a new 75mcg fentanyl patch and took her evening dose of morphine before retiring for the night. The next morning when he left for work, Gary Martin observed his wife sleeping, snoring loudly. Later that day, a friend,

Tammy Lacroix, came to check on Carol Martin at her home and found her unresponsive, foaming at the mouth and nose.  Ms. Lacroix called 911 and, with the assistance of Carol's two oldest sons, Joseph and Sean Martin, removed Carol Martin from her bed and tried to resuscitate her.  Resuscitation efforts were unsuccessful and Carol Martin was pronounced dead on October 11, 2007 from acute intoxication from the combined effects of fentanyl and morphine.

18.     In the days leading up to her death, Carol Martin suffered from ongoing pain and suffering, along with the acute effects of fentanyl and morphine toxicity.  Carol Martin tried to bring her complaints to the defendant medical providers to receive treatment, but the defendant medical providers sentenced her to her death when they ordered that her fentanyl patch be reapplied.  Carol Martin died at the young age of 41 and suffered a significant loss of enjoyment of life.

19.     Since Carol Martin's death, her entire family has been shattered.  Her husband of 19 years, Gary Martin, has lost his wife and best friend.  Her four children, who each had special needs and were home schooled with individualized education plans, had tremendous difficulty transitioning to the public school system.  All have suffered from severe emotional distress manifested by physical symptoms.

20.     The minor plaintiff, R.M., now 13-years old, has autism and suffers from intense emotional distress on a weekly basis including sadness, sobbing and anger outbursts toward others at her school.  She endures crying spells at night and has extreme anxiety about her family and the loss of her mother.  She has emotional regulation deficits that impact her ability to learn at school and prohibit her from forming social relationships.

21.     The minor plaintiff, S.M., now 15-years old, suffers from attention deficit disorder and requires an individualized education plan at school, involving a program for

children with special needs.  He has had a very difficult transition to public school.  He suffers from depression, hopelessness and anxiety and has limited ability to form relationships with others due to the loss of his mother.

22. The plaintiff, Sean Martin, now 19-years old, completed high school in 2010, but suffers from depression and remains at home, regularly reliving the memory of holding his mother's body in his arms as he tried to resuscitate her.

23. The plaintiff Joseph Martin, now 21-years old, suffers from Asperger's syndrome and was unable to successfully transition to public school after his mother's death.  He dropped out of school and remains at home, also regularly reliving the memory of holding his mother's body in his arms during resuscitation attempts.

## COUNT I

**(Claim for Medical Negligence - White River Junction VA Medical Center)**

23. The plaintiff incorporates by reference each allegation contained in paragraphs 1-22.

24. The defendant, United States of America, acting through its agents at the White River Junction VA Medical Center, had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by a reasonable, skillful, careful and prudent healthcare practitioner engaged in a similar medical practice under similar circumstances.

25. The defendant's agents either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of their treatment of Carol Martin.  The defendant's failures to meet the applicable standards of care include, but are not limited to, the failure to appropriately evaluate, manage and treat Carol Martin for her acute presentation; the failure to appropriately prescribe pain medications; the failure to appropriately manage Carol

Martin's pain medications; the failure to appropriately monitor Carol Martin's response to her pain medications; the failure to appropriately respond to Carol Martin's side effects; the failure to order appropriate consultations; the failure to order appropriate diagnostic tests and procedures; and the failure to otherwise appropriately manage Carol Martin's care.

26. Had the defendant appropriately managed Carol Martin's medications and appropriately responded to her complaints, the medications would not have reached toxic levels in her body, and Carol Martin would still be alive today.

27. As a direct and proximate result of the defendant's failures, Carol Martin suffered from significant pain, suffering and emotional distress and prematurely and unnecessarily died, leaving behind her husband and four children, suffering an extreme loss of enjoyment of life.

28. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $25,000,000 plus interests and costs and for such further relief as this Court deems just and proper.

## COUNT II

### (Claim for Medical Negligence - Manchester VA Medical Center)

29. The plaintiff incorporates by reference each allegation contained in paragraphs 1-28.

30. The defendant, United States of America, acting through its agents at the Manchester VA Medical Center, had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by a reasonable, skillful, careful and prudent healthcare practitioner engaged in a similar medical practice under similar circumstances.

31. The defendant's agents either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of their treatment of Carol Martin. The

defendant's failures to meet the applicable standards of care include, but are not limited to, the failure to appropriately evaluate, manage and treat Carol Martin, the failure to appropriately manage Carol Martin's pain medication; the failure to appropriately respond to Carol Martin's side effects from her pain medications; the failure to discontinue Carol Martin's fentanyl patch and ordering her to reapply a new patch; the failure to order appropriate consultations; the failure to order appropriate diagnostic tests and procedures; and the failure to otherwise appropriately manage Carol Martin's care.

32. Had the defendant appropriately managed Carol Martin's medications and appropriately responded to her complaints, the medications would not have reached toxic levels in her body, and Carol Martin would still be alive today.

33. As a direct and proximate result of the defendant's failures, Carol Martin suffered from significant pain, suffering and emotional distress and prematurely and unnecessarily died, leaving behind her husband and four children, suffering an extreme loss of enjoyment of life.

34. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $25,000,000 plus interests and costs and for such further relief as this Court deems just and proper.

## COUNT III

### (Gary Martin's Claim for Loss of Consortium)

35. The plaintiff incorporates by reference all allegations contained in paragraphs 1-34.

36. The plaintiff, Gary Martin, was at all times relevant to this action the husband of Carol Martin.

37. As a direct and proximate result of the defendant's failures, Gary Martin has

suffered and continues to suffer from a loss of consortium through the loss of the care, comfort, society, services and companionship of his wife, Carol Martin, and he has suffered from significant emotional distress and a loss of enjoyment of life.

38. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $20,000,000 plus interests and costs and for such further relief as this Court deems just and proper.

## COUNT IV
### (Joseph Martin's Claim for Loss of Parental Consortium)

39. The plaintiff incorporates by reference all allegations contained in paragraphs 1-38.

40. Joseph Martin was, at all times relevant to the negligence in this action, the minor son of Carol Martin.

41. As a direct and proximate result of the defendant's failures, Joseph Martin has suffered and continues to suffer from a loss of parental consortium through the loss of the care, comfort, society, services and companionship of his mother, Carol Martin, and he has suffered from significant emotional distress and a loss of enjoyment of life.

42. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $1,000,000 plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT V
### (Joseph Martin's Claim for Negligent Infliction of Emotional Distress)

43. The plaintiff incorporates by reference all allegations contained in paragraphs 1-42.

44. As a direct and proximate result of the defendant's failures, Joseph Martin contemporaneously perceived the suffering of his mother as she succumbed to the toxic effects of fentanyl and morphine while he assisted in the ultimately unsuccessful attempts to resuscitate her and witnessed her untimely death, causing him to experience severe emotional distress manifested by physical symptoms.

45. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $1,000,000 plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT VI

**(Sean Martin's Claim for Loss of Parental Consortium)**

46. The plaintiff incorporates by reference all allegations contained in paragraphs 1-45.

47. Sean Martin was, at all times relevant to the negligence in this action, the minor son of Carol Martin.

48. As a direct and proximate result of the defendant's failures, Sean Martin has suffered and continues to suffer from a loss of parental consortium through the loss of the care, comfort, society, services and companionship of his mother, Carol Martin, and he has suffered from significant emotional distress and a loss of enjoyment of life.

49. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $100,000 plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT VII

**(Sean Martin's Claim for Negligent Infliction of Emotional Distress)**

50. The plaintiff incorporates by reference all allegations contained in paragraphs 1-49.

51. As a direct and proximate result of the defendant's failures, Sean Martin contemporaneously perceived the suffering of his mother as she succumbed to the toxic effects of fentanyl and morphine while he assisted in the ultimately unsuccessful attempts to resuscitate her and witnessed her untimely death, causing him to experience severe emotional distress manifested by physical symptoms.

52. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $1,000,000 plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT VIII
**(S.M.'s Claim for Loss of Parental Consortium)**

53. The plaintiff incorporates by reference all allegations contained in paragraphs 1-46.

54. S.M. was at all times relevant to this action the minor son of Carol Martin.

55. As a direct and proximate result of the defendant's failures, S.M. has suffered and continues to suffer from a loss of parental consortium through the loss of the care, comfort, society, services and companionship of his mother, Carol Martin, and he has suffered from significant emotional distress and a loss of enjoyment of life.

56. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $1,000,000 plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT IX

### (R.M.'s Claim for Loss of Parental Consortium)

57. The plaintiff incorporates by reference all allegations contained in paragraphs 1-56.

58. R.M. was at all times relevant to this action the minor daughter of Carol Martin.

59. As a direct and proximate result of the defendant's failures, R.M. has suffered and continues to suffer from a loss of parental consortium through the loss of the care, comfort, society, services and companionship of her mother, Carol Martin, and she has suffered from significant emotional distress and a loss of enjoyment of life.

60. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $1,000,000 plus interest and costs and for such further relief as this Court deems just and proper.

Respectfully Submitted,

Gary Martin, Individually, as Administrator of the Estate of Carol Martin, and as Parent and Next Friend of S.M. and R.M., and Joseph Martin and Sean Martin, Individually.

By Their Attorneys,

ABRAMSON, BROWN & DUGAN, P.A.

DATED: 12/27/11         By: ___/S/ Kevin F. Dugan and Holly B. Haines
Kevin F. Dugan, Esquire (NH Bar #8535 )
Holly B. Haines, Esquire (NH Bar# 14559)
1819 Elm Street
Manchester, NH  03104
(603) 627-1819
Kdugan@arbd.com
Hhaines@arbd.com